41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin J. FLOWERS, Plaintiff-Appellant,
v.
Charles TRAUGHBER, Chairman; Michael Bradley, Executive
Director; Deborah Miller, Former Director; Tom Biggs, Vice
Chairman; John Harwell; Ancel McDuffy; Edward J. Friend;
Rose Hill; Donna Chase; Christine J. Bradley,
Commissioner; Jim Dickman, Warden, Defendants-Appellees.
 No. 94-5272.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 1
 Before: LIVELY and SUHRHEINRICH, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 Melvin J. Flowers appeals a district court order dismissing as frivolous his complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Flowers sued numerous Tennessee correctional personnel in their individual and official capacities, alleging that: (1) the defendants improperly failed to provide him with a timely parole hearing, (2) the defendants relied on false information in denying him parole, (3) the defendants denied him parole because of racial discrimination, and (4) the defendants violated his Eighth Amendment rights by not providing him with a no-salt diet. The magistrate judge recommended dismissing as frivolous Flowers's claims that he was denied a timely parole hearing, that he was denied parole because of racial discrimination, and that he was improperly denied a no-salt diet. However, the magistrate judge recommended that Flowers's claim that the defendants had relied on false information in denying him parole was not subject to dismissal for frivolity. Over Flowers's objections, the district court adopted the magistrate judge's conclusions regarding the frivolity of the first three claims; however, it also concluded that Flowers's claim concerning false information relied upon by the parole board was frivolous, and thus dismissed the case in its entirety. Flowers has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Flowers's complaint as frivolous, because Flowers has failed to present any claims with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Flowers has no due process right in a timely parole hearing. See Sweeton v. Brown, 27 F.3d 1162, 1166 (6th Cir.1994) (en banc). Nor has he shown that his parole file contains false information or that the parole board relied on such false information. See Monroe v. Thigpen, 932 F.2d 1437, 1442 (11th Cir.1991). He has not presented any facts to show that his parole denial was the result of racial discrimination. Lastly, he has not shown that a no-salt diet is a basic necessity of life or that he even requires such a diet. See Bellamy v. Bradley, 729 F.2d 416, 419 (6th Cir.), cert. denied, 469 U.S. 845 (1984).
 
 
 5
 Accordingly, we deny all pending motions and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation